*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★                                                                      ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00302-CR

**IN RE** Terrance **FLETCHER**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed: April 28, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On April 15, 2010, relator Terrance Fletcher filed a pro se petition for a writ of mandamus complaining of rulings on several matters allegedly filed in his pending criminal case. Relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure. For example, relator's petition does not include an appendix that contains a certified or sworn copy of any order complained of. *See* TEX. R. APP. P. 52.3(k). Additionally, relator's petition is not accompanied by a certified or sworn copy of every document that is material to relator's claim for relief and that was filed in the underlying proceeding. *See* TEX. R. APP. P. 52.7(a). In sum, relator has not complied with

---

[1] This proceeding arises out of Cause No. 2010-CR-1384, styled *State of Texas v. Terrance Fletcher*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Phillip A. Kazen, Jr. presiding.

Rule 52.3 and Rule 52.7, and has not provided us with a record that shows he is entitled to mandamus relief.

We also note relator is represented by Mr. Cornelius N. Cox in the underlying proceeding. We conclude Mr. Cox is also relator's counsel for an original proceeding on the issue presented. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition presents nothing for our review. *See id.; see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

Accordingly, relator's petition is denied. Relator's motion for leave to file the petition for a writ of mandamus is denied as moot.

PER CURIAM

DO NOT PUBLISH